## Sharon E. CLOSSON

v.

## TOWN OF SOUTHWEST HARBOR.

Supreme Judicial Court of Maine.

Argued June 12, 1986.

Decided July 18, 1986.

Fellows, Kee & Tymoczko, William Tymoczko (orally), Bucksport, for appellant.

Rudman & Winchell, Paul Sighinolfi (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Sharon Closson appeals from a decision of the Appellate Division of the Workers' Compensation Commission affirming, by a divided vote, the commissioner's decision. The commissioner denied Closson's petition for benefits under the Workers' Compensation Act (the Act), concluding that Closson was not an employee of the Town of Southwest Harbor (the Town) when she sustained an injury while participating in the Town's "work-fare" program, administered by the Town as part of its general assistance program. We affirm the decision.

Each municipality in Maine is required to operate a general assistance program in accordance with a locally enacted ordinance. *See* 22 M.R.S.A. §§ 4301–4323 (Supp.1985–1986). The purpose of the program is to provide assistance to those who are unable to provide for themselves the basic necessities of life. In January, 1983, the Town operated a general assistance program in accordance with the provisions of 22 M.R.S.A. § 4504 (1980), *repealed and replaced by* P.L. 1983, ch. 577, §§ 1, 15. Under the Town's ordinance, eligibility for general assistance is determined on the basis of an applicant's unmet financial need. If an applicant is determined to be eligible, payments are not made to him but are paid directly to a third party, such as a landlord or utility company. Once an applicant is determined to be eligible, he must reapply periodically for assistance. The Town's general assistance program also included a work requirement in accordance with 22 M.R.S.A. § 4504(5) (1980), *repealed and re-*

*placed by* P.L. 1983, ch. 577, § 15.[1] Any recipient who is capable of working is required to perform work for the Town in order to maintain eligibility under the assistance program. Initial assistance payments for immediate need are made before any work is performed. However, if an applicant refuses to work, he becomes ineligible for future assistance for a sixty day period. If an applicant is unable to work, or becomes disabled, he is excused from the work requirement and receives assistance based on need for as long as he is disabled. The amount of assistance determines the number of hours a recipient must work under the program.

On January 24, 1983, the plaintiff applied to the Town for general assistance for herself and her minor child. After she was determined to be eligible and assistance was rendered, pursuant to section 4504(5)(A), she was assigned to perform 74.66 hours of work at the Town offices and at a local school. On February 7, 1983,

while working at the school, the plaintiff fell on a set of stairs and injured her back. After February 7, 1983, she continued to receive general assistance from the Town based on a demonstrated need coupled with her inability to participate in the work-fare program. The general assistance payments included payment for the plaintiff's medical bills incurred in the treatment of her injury. On September 28, 1983, the plaintiff filed a petition for award of compensation. In its answer to the petition, the Town raised the affirmative defense that the plaintiff was not an employee of the Town but rather a participant in a work program under the general assistance program mandated by the State. The commissioner agreed with the Town, and, after the Appellate Division affirmed, we granted plaintiff's petition for review.

Neither the statutory language nor the legislative history of subsection 5 of section 4504 is helpful in determining whether a recipient of general assistance, who is a

---

1. Subsection 5 of section 4504 provided:

  **5. Work requirement.** A municipality may, by an ordinance enacted after notice and hearing, by its municipal officers, provide that an otherwise eligible person who is capable of working may be required to perform work for the municipality as a condition to receiving general assistance. Any such work requirement shall be subject to the following provisions.
  **A.** No person shall, as a condition of general assistance eligibility, be required to do any amount of work that exceeds the value of the net general assistance that the person would otherwise receive under municipal general assistance standards. Any person performing work under this subsection shall be provided with net general assistance the value of which is earned at a rate of at least the state's minimum wage.
  **B.** In no case shall eligible persons performing work under this subsection replace regular municipal employees.
  **C.** In no case shall work performed under this subsection interfere with an eligible person's:
    **(1)** Existing employment;
    **(2)** Ability to follow up on a bonafide job offer; or
    **(3)** Attendance at an interview for possible employment.
  **D.** In no case shall an eligible person with an immediate need be required to perform

work under this subsection prior to receiving general assistance.
  **E.** Expenses related to work performed under this subsection by an eligible person shall be considered in determining the amount of net general assistance to be provided to the person.
  **F.** An otherwise eligible person who refuses a suitable job offer under this subsection without just cause shall be ineligible for general assistance for a period of up to 60 days. This person may become eligible during this period of time if he becomes employed.
  **G.** Failure of an otherwise eligible person to accept a suitable job offer under this subsection shall not affect the general assistance eligibility of any member of the person's household who is not capable of working, including at least:
    **(1)** A dependent minor child;
    **(2)** An elderly, ill or disabled person; and
    **(3)** A person whose presence is required in order to provide care for any child under the age of 6 years or for any ill or disabled member of the household.
  **H.** General assistance provided by a municipality for work performed by an eligible person under this subsection shall be:
    **(1)** Included in the reimbursable net general assistance costs; and
    **(2)** Itemized separately in reports to the Commissioner of Human Services under section 4499.

participant in a town's work program, is an employee under the Act. The Workers' Compensation Act mandates the payment of compensation to "an employee [who] receives a personal injury arising out of and in the course of his employment." 39 M.R.S.A. § 51 (1978). An "employee" is defined as one "in the service of another under any contract of hire, express or implied, oral or written." 39 M.R.S.A. § 2(5)(A) (Supp.1985–1986). An essential element of an employment relationship is the payment or expected payment of some consideration by an employer to an employee. *See Harlow v. Agway, Inc.,* 327 A.2d 856, 859 (Me.1974).

In *Radvanovsky v. Maine Dep't of Manpower Affairs,* 427 A.2d 961 (Me.1981), we held that the services performed under the general assistance program by a welfare recipient were not furnished for remuneration or wages. The plaintiff had argued that the value of the work performed to maintain his eligibility for assistance payments was the equivalent of earnings that should be counted to determine whether he re-established eligibility for unemployment benefits. We reasoned that because of the nature of the work requirement, a welfare recipient who participates in the program "earned for his services not remuneration but rather continued eligibility for receiving general assistance...."

In determining the applicability of the Workers' Compensation Act to the plaintiff, we find our reasoning in *Radvanovsky* pertinent here. Since a participant in the work program neither received nor could have expected to receive remuneration or wages for the services that he performs, no employment relationship existed between the Town and the plaintiff that would make the provisions of the Act applicable. The purpose of the general assistance program is to provide immediate aid to persons who are unable to provide the basic necessities to maintain themselves or their families. *See* 22 M.R.S.A. 4301(5) (Supp.1985–1986). The work requirement imposed on a recipient as a condition for continued eligibility

"has neither changed the nature of the payments, nor made them subject to any other incidents of wages." *Radvanovsky v. Maine Dep't of Manpower Affairs,* 427 A.2d at 963. Furthermore, there is nothing in the spirit of the general assistance program that suggests a legislative intent that the work requirement in a general assistance program should provide a basis for an employment relationship between a municipality and a recipient of aid.

Accordingly, since no employment relationship existed between the plaintiff and the Town for purposes of the Act, the plaintiff is not entitled to workers' compensation benefits. The Appellate Division's decision must be affirmed.

The entry is:

Decision of Appellate Division of Workers' Compensation Commission affirmed.

It is ordered that the Town pay to the plaintiff $550 for her counsel fees plus her reasonable out-of-pocket expenses for this appeal.

All concurring.